GIBBONS, Circuit Judge,
dissenting.
While I agree with the majority’s determinations with regard to Recker’s job duties as head of VAS, the Green Circle program, and Recker’s interference claim under ERISA § 510, I disagree with that part of the majority’s opinion reversing the district court’s decision finding that the plan administrator arbitrarily and capriciously denied Recker benefits in violation of ERISA § 502. I therefore respectfully dissent.
The district court found that the plan administrator’s determination was arbitrary and capricious. The court’s rationale was basically twofold. It first noted that the plan administrator never defined what it considered Recker’s job duties to be. The court then reasoned that, if the fact that Recker continued to work in a legal capacity sufficed to demonstrate that his job responsibilities were not significantly reduced prior to the closing date, such an interpretation of “significant reduction” is arbitrary and capricious in light of the plan’s provisions and in light of the fact that Recker initially had significant responsibilities as chief counsel. Second, the court determined that — even if Newcourt’s conclusion that centralization did not significantly reduce Recker’s duties is ultimately accurate — the absence of evidence in the record to support this conclusion, and the absence of any indication as to what the proper benchmark for judging whether Recker’s duties were significantly reduced was or should have been, makes that assertion a conclusory statement with no evidentiary support.
The district court’s reasoning was sound. On appeal, Newcourt asserts that the district court’s finding was erroneous for numerous reasons. All of Newcourt’s arguments are unavailing. First, Newcourt argues that Recker’s duties included overseeing Newcourt’s legal functions, managing the legal department, and performing transactional tasks. However, there is no indication in the record that the plan administrator or Benefits Committee considered these to be Recker’s duties or main responsibilities. Citing Gallo v. Amoco Corp., 102 F.3d 918 (7th Cir.1996), Newcourt argues that — although it may be unclear from the record what the plan administrator considered Recker’s duties to be — it was permitted to provide a description of these duties during litigation. Gallo stands for nothing of the sort. The case provides only that, when a plan administrator interprets a plan provision in the process of making a decision regarding benefits, it can defend this interpretation at trial with any arguments that may support the interpretation’s reasonableness. Id. at 923. Gallo explicitly disavows the notion that plan administrators may introduce new factual *234 evidence into the record during litigation. Id. (stating that the plan administrator “cannot augment the administrative record with new facts bearing upon the application for benefits”). The extent of Recker’s duties immediately after the closing date is a question of fact, not a question of plan interpretation. Hence, Newcourt cannot submit new evidence on that issue at this point. Even if the extent of Recker’s duties is a question of plan interpretation, Newcourt is really asking that a post-determination interpretation be accepted, not that rationales in support of an interpretation utilized in conjunction with a benefits determination be accepted. Gallo does not support acceptance of a post-determination interpretation.
Second, Newcourt asserts that any centralization of legal work in New Jersey occurred only after October 1, 1998, and that Recker consequently did not experience any actual reduction in duties prior to that date. Even if this characterization is true, there is no clear indication of the timing of the centralization in the record, and it does not alter the fact that the plan administrator’s decision that Recker did not experience a significant reduction (before October 1, 1998) finds no support in the record. Third, Newcourt asserts that the plan administrator consulted with people who were familiar with Recker’s duties and based its determination on information they provided. While this representation appears to be true, there is no indication in the record as to how these individuals characterized Recker’s duties or of any rationale for why any reduction in those duties was not significant, other than the conelusory statements that Recker continued performing core duties and legal work. Finally, Newcourt argues that the district court improperly imposed on the plan administrator the burden of explaining the reasoning behind the decision to deny Recker benefits at the time it denied those benefits. This argument mischaracterizes the district court’s ruling. Rather, the district court merely determined that there was insufficient evidence to support a conclusion that the plan administrator reasonably denied Recker benefits.[6]
It is true, as the majority points out, that “the arbitrary and capricious standard is the least demanding form of judicial review of administrative action.” As the majority also points out, however, a court reviewing a plan administrator’s decision is “confined to reviewing only those materials known to the administrator at the time the decision was made.” The simple fact is that the materials known to the administrator, comprising Recker’s submissions as well as any information gleaned from interviews of Newcourt officials, do not support the administrator’s conclusion. In sum, there is no indication from the record that the plan administrator engaged in a “deliberate principled reasoning process” or that substantial evidence supports the decision to deny Recker benefits; therefore, the district court did not err in finding that the plan administrator’s decision was arbitrary and capricious. See Killian v. Healthsource Provident Adm’rs, Inc., 152 F.3d 514, 520 (6th Cir.1998) (citation omitted). The conflict of interest that existed because Newcourt administered and funded the Plan further supports the determination that the denial of benefits was arbitrary and capricious. See id. at 521 (characterizing any situation in which the *235 same party both administers and funds a plan as presenting an actual conflict of interest that must be considered as a factor when determining whether the administrator abused its discretion by denying benefits in an arbitrary and capricious manner). For these reasons, I would wholly affirm the district court’s judgment as to Recker’s ERISA § 502 claim.

. Newcourt also argues that the district court should have remanded Recker’s claim to the plan administrator to build the evidentiary record rather than enter judgment for him. On the contrary, when a court finds that a plan administrator denied benefits in an arbitrary and capricious manner, the proper procedure is to award judgment for the claimant. See Williams v. Int’l Paper Co., 227 F.3d 706, 715 (6th Cir.2000).